# J. B. MILLER, JR., ET AL.
## v.
# THE PEOPLE, etc.

CONTEMPT OF COURT.—There being nothing in the record to show that either of the appellants removed the papers from court with any evil intention, and though each was guilty of negligence in not returning the papers when ordered, yet under the circumstances the fines are excessive, and the judgment below is reversed.

ERROR to the County Court of Hardin county; the Hon. J. F. TAYLOR, Judge, presiding. Opinion filed April 14, 1882.

Mr. L. F. PLATER, for plaintiffs in error; that the information does not charge appellants with abstracting or purloining the papers, and is wholly insufficient as such to found a criminal prosecution upon, cited Paris v. The People, 76 Ill. 74; Gould v. the People, 89 Ill. 216; Constitution 1870, Art. 2, §§ 6, 8, 9.

The information is not sworn to as required by law : Myers v. The People, 67 Ill. 503; 1 Bishop Cr. Law, 274.

An inferior court has no power to proceed for contempt done out of court: Storey v. The People, 79 Ill. 45; Reg. v. Lafroy, 8 Q. B. 134.

In a court of law a defendant may clear himself of a contempt by his answer: Buck v. Buck, 60 Ill. 105; Crook v. The People, 16 Ill. 554; 4 Back. Com. 288.

Mr. J. Q. A .LEDBETTER, for defendant in error; as to the power of a court to punish for contempt, cited Clark v. The People, Breese, 266; Stuart v. The People, 3 Scam. 395; The People v. Wilson, 64 Ill. 195.

It is contempt for a party to take papers from the files of the court, and refuse or neglect to return them: 2 Bish. Cr. Law, § 253; Stuart v. The People, 3 Scam. 395; The People v. Wilson, 64 Ill. 195; The People v. Freer, 1 Caines, 519.

Proceedings for contempt are summary, and tried without the

Miller v. The People.

intervention of a jury: McConnell v. The State, 46 Ind. 298; Whitteen v. The State, 36 Ind. 196; Crow v. The State, 24 Tex. 12

Trial without a jury is no violation of constitutional rights. The State v. Doty, 3 Vroom, 403; Neel v. The State, 4 Eng. 259.

PER CURIAM. This was a proceeding in the County Court of Hardin county, against the plaintiffs in error, by an attachment for a contempt of court. The court upon the hearing of the cause, fined each of the defendants the sum of two hundred dollars, and adjudged that they be held in custody until said fine and costs were paid or replevied, as provided by law. There is nothing in the record to contradict the answers of the defendants. They are full and complete, and are to be taken as true. The defendants were guilty of negligence, but there is no evidence of any criminal intent upon the part of the defendants or either of them. It was incumbent on Miller to see that the papers were returned to the office of the clerk of the county court. Instead of doing so he relied upon his attorney, who is an officer of the court, to return them. And so it was the duty of Plater to return the papers. He failed to do so, whereby the administration of the law was delayed, and in this respect was guilty of negligence. We can not say that the defendants have sworn to what is false, and while they acted improperly in removing the papers from the office of the clerk, they did so without evil motive or design, so far as we can see. In this view of the case, we think that the fines were excessive, and therefore the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.